You advise this office that you are an attorney who has been appointed court magistrate for the Mayor's Court in the City of St. Martinville. You ask if in that capacity you may perform marriage ceremonies. You rely upon R.S. 13:1877 as authority for your ability to be an officiant, as that statute provides:
 § 1877. Marriage ceremony; judges' authority to perform
 Judges of city courts, at any place within the parish in which the court is situated, may perform any marriage for which a lawful Louisiana marriage license has been issued, regardless of the parish of issuance of the license.
At the outset, we note your appointment as magistrate is authorized by R.S. 33:441(B) providing:
 B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the magistrate, if one is appointed. (Emphasis added).
The Louisiana Third Circuit Court of Appeal determined inBroussard vs. Town of Delcambre, 458 So.2d. 1003 (La.App. 3rd Cir. 1984), that our state constitution which requires that judges be elected does not apply to magistrates appointed to function in mayors' courts.[1] Language by the court which is pertinent to the present matter is cited below fromBroussard, at page 1004: *Page 2 
 The mayors' courts are provided for in Art. 5, Sec. 20 of the 1974 Constitution which reads:
 Mayors' courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law.
 In order to give effect to plaintiff's theory and argument, it would be necessary for us to extend the term "judge" as used in Section A of Article 5 of Section 22 of the Louisiana Constitution of 1974 to all officials who hear and rule in cases in courts of any nature authorized by law in this State. We think, however, that the term "court" as employed in the Constitution and laws of this State is broader than the term "judge.". . . . Insofar as we can determine the term "judge" has never been applied to mayors who function in mayors' courts. . . . Although the terms "judge" and "court" are sometimes used interchangeably, it is clear that mayors . . . who hold court are, nevertheless, not judges. (Emphasis added).
Judges of city courts are required to be elected by constitutional mandate; a magistrate is not a "judge" as dictated by the court in Broussard. Thus, a magistrate of a mayor's court is not a "judge" as referenced in R.S. 13:1877; neither is a magistrate included in those lists of officiants defined in R.S. 9:202[2] or 9:203.[3] *Page 3 
It is the opinion of this office that an attorney who is appointed as court magistrate of a mayor's court does not by virtue of that appointment become an officiant authorized by law to perform marriage ceremonies. Unfortunately, we conclude you are not authorized to perform marriage ceremonies in your capacity as mayor's court magistrate, absent other qualifications.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: _______________________________ KERRY L. KILPATRICK Assistant Attorney General
[1] LSA-Const. Art 5 § 22(A) (1974) states
"(A) Election. Except as otherwise provided in this Section, all judges shall be elected. Election shall be at the regular congressional election."
[2] § R.S. 9:202 provides:
§ 202. Authority to perform marriage ceremony A marriage ceremony may be performed by:
(1) A priest, minister, rabbi, clerk of the Religious Society of Friends, or any clergyman of any religious sect, who is authorized by the authorities of his religion to perform marriages, and who is registered to perform marriages;
(2) A state judge or justice of the peace.
[3] R.S. 9:203 provides:
A. Judges and justices of the peace may perform marriage ceremonies within the following territorial limits:
(1) A justice of the supreme court within the state;
(2) A judge of a court of appeals within the circuit;
(3) A judge of a district court within the district;
(4) A judge of a family court, juvenile court, parish court, city court, or, in Orleans Parish, a municipal or traffic court, within the parish in which the court is situated; and
(5) A justice of the peace within the parish in which the court of that justice of the peace is situated, and in any parish within the same supreme court district which has no justice of the peace court.
B. A judge's authority to perform marriage ceremonies continues after he retires.
C. A retired justice of the peace who has served a total of eighteen years in that capacity shall retain his authority to perform marriage ceremonies within the territorial limits authorized in Subsection A of this Section provided he registers to perform such ceremonies as required by R.S. 9:204.
D. Notwithstanding the provisions of Paragraph (A)(5) of this Section, a justice of the peace within any of the parishes of DeSoto, Bossier, Caddo, Bienville, Webster, or Red River may perform marriage ceremonies within any of these parishes. E. (1) A judge of a court of the United States whose official duty station includes a municipality having a population in excess of forty thousand but less than fifty thousand persons according to the latest decennial census or a municipality having a population in excess of two hundred and fifteen thousand but less than two hundred and thirty-five thousand persons according to the latest decennial census may perform marriage ceremonies in the municipality located within his official duty station. For purposes of this Subsection, "judge" and "official duty station" have the same meaning as provided in 28 U.S.C. 451 and 456,
respectively. The authority granted by this Paragraph shall terminate on December 31, 2003.
(2) A judge of a court of the United States whose official duty station includes a municipality having a population in excess of four hundred and seventy thousand according to the latest decennial census may perform marriage ceremonies within his official duty station. The authority granted by this Paragraph shall only be effective from October 1, 2004, through October 31, 2004.
(3) A judge of a court of the United States whose official duty station includes the state capital may perform marriage ceremonies within his official duty station. The authority granted by this Paragraph shall only be effective from December 1, 2004, through December 31, 2004.
(4) A judge of a court of the United States whose official duty station includes a municipality having a population in excess of one hundred and five thousand but less than one hundred and fifteen thousand persons according to the latest decennial census may perform marriage ceremonies within his official duty station. The authority granted by this Paragraph shall only be effective from May 16, 2005 through June 4, 2005.